IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. CORRINA RUNNING CRANE, Defendant. | CR-05-46-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |
|---|---|

**I. Synopsis**

Ms. Running Crane was accused of violating the conditions of her supervised release by consuming morphine without a prescription. She admitted to the violation. Ms. Running Crane should be ordered into United States Bureau of Prisons custody for 9 months, with no supervised release to follow.

**II. Status**

Ms. Running Crane pled guilty in 2005 to Conspiracy to Possess

1

Methamphetamine with Intent to Distribute.  CD 31.  She was sentenced to 48 months incarceration, to be followed by four years supervised release.  CD 43.

Ms. Running Crane completed drug treatment in prison, and an aftercare program after her release.  She had additional inpatient treatment for chemical dependency after a relapse in 2009.  CD 76.

Ms. Running Crane's supervised release was revoked in 2010 because she improperly consumed hydrocodone.  She was incarcerated for 8 months, and 40 months of supervised release was imposed.   CD 58, 69.

Mr. Running Crane's current term of supervision began on April 29, 2011.  In February 2013, her probation officer filed a "12A Report on Offender Under Supervision," alleging that Ms. Running Crane was abusing morphine, but recommending that she be allowed to remain in the community and obtain treatment.  CD 74.  The undersigned agreed, and Mr. Running Crane obtained inpatient chemical dependency treatment.  She completed the program March 12, 2013.  CD 76.

**Petition**

The United States Probation Office filed a petition on July 25, 2013, asking the court to revoke Ms. Running Crane's supervised release.  The petition alleged that Ms. Running Crane violated Standard Condition #7 of her supervised release

by consuming morphine without a valid prescription on July 23. CD 76. Based on the petition, the undersigned issued a warrant for Ms. Running Cranes arrest. CD 77.

**Initial appearance**

Ms. Running Crane was arrested on July 26, 2013. CD 84. She made an initial appearance before United States Magistrate Judge Robert M. Holter on July 30. She was accompanied by Federal Defender R. Henry Branom, who was appointed as her attorney. Assistant United States Attorney Ryan Weldon represented the government. Ms. Running Crane said she had read and understood the petition. She waived her right to a preliminary hearing. CD 79.

Mr. Weldon stated that Ms. Running Crane could be ordered into custody for up to 36 months if her supervised release is revoked. Judge Holter scheduled a revocation hearing for August 6, and ordered Ms. Running Crane detained until then. CD 79.

**Revocation hearing**

Ms. Running Crane appeared at the revocation hearing, represented by Karolina Grygierowska,[1] of the Federal Defenders office. Ms. Running Crane

---

[1] Ms. Grygierowska is a third-year law student working with the Federal Defenders of Montana as a summer intern. She represented Ms. Running Crane under the supervision of Mr. Branom, with Ms. Running Crane's written consent.

admitted to consuming morphine in violation of her conditions of release, as alleged in the petition.

The undersigned believes Ms. Running Crane's admission establishes a violation, and that the violation warrants revocation of Ms. Running Crane's supervised release in light of her repeated substance abuse. Ms. Running Crane's violation grade is C, her criminal history category is I, and her underlying offense is a Class B felony. The maximum term she could be ordered to spend in custody is 28 months.[2] The United States Sentencing Guidelines recommend 3 to 9 months imprisonment. Up to 52 months (less custodial time) supervised release could be imposed. The parties agreed with those calculations.

Ms. Grygierowska requested a sentence of 3 to 6 months in prison, with no supervised release. She argued that a custodial term at the low end of the guideline range was a sufficient sanction for the consumption of a single pill.[3] Ms. Grygierowska said that Ms. Running Crane is trying to overcome addiction, and has made progress in that difficult struggle. She said that Ms. Running Crane can

---

[2] The base statutory maximum is 36 months, but Ms. Running Crane spent 8 months in prison for a previous revocation on the same underlying offense. Because she was convicted in 2005, prior to a statutory amendment, the maximum incarceration period is reduced by that amount. 18 U.S.C. § 3583(e)(3)(2005).

[3] Ms. Running Crane's undisputed history of substance abuse, convictions, treatment, revocation, additional treatment and additional substance abuse involve much more than a single pill.

be a productive member of the community by caring for her grandson and making other contributions. Ms. Grygierowska said additional supervised release should not be imposed because it is ineffective for Ms. Running Crane, and is not a good use of resources. Ms. Grygierowska also argued that Ms. Running Crane's mature age makes her unlikely to repeat her previous offense.

Ms. Running Crane addressed the court. She said she takes responsibility for the violation, and is eager to return to the community and her family.

Mr. Weldon requested a sanction of 12 months incarceration, but no further supervised release. He argued that the upward departure is appropriate because the United States Probation Office has made extensive efforts to help Ms. Running Crane. She has received inpatient treatment twice, and has received both warnings and sanctions. Yet she continues to abuse substances in violation of her supervised release conditions. Mr. Weldon agreed that supervised release is not beneficial in Ms. Running Crane's case.

### III. Analysis

Ms. Running Crane's supervised release should be revoked. She admitting to violating a condition of her supervised release by consuming drugs.

A sanction of 9 months incarceration should be imposed. A penalty at the high end of the guideline range is appropriate because Ms. Running Crane

5

violated the condition in spite of extensive efforts by the United States Probation Office to help her comply. She has received inpatient treatment twice, and received a warning for alleged non-compliance during the current period of supervised release. Ms. Running Crane has previously violated the conditions of her supervised release.

An upward departure from the guideline range is not warranted. Ms. Running Crane did comply with conditions for a significant amount of time. Her violation, while serious as a breach of the court's trust and a hazard to her own health, appears to be part of her addiction, and did not directly endanger the community.

No additional supervised release should be imposed. Ms. Running Crane does not benefit from supervision, as evidenced by her repeated violations. The undersigned does not believe supervision is necessary to protect the community, as Ms. Running Crane has not exhibited violent behavior and appears unlikely to repeat her original offense.

## IV. Conclusion

Ms. Running Crane was advised that the above sentence would be recommended to Judge Christensen. She was reminded of her right to object to the recommendation within 14 days of its issuance. She was also reminded of her

right to allocute before Judge Christensen, so long as she properly objects to the recommendation.

The court FINDS:

1. Ms. Running Crane violated Standard Condition #7 of her supervised release by consuming morphine on July 23, 2013.

The court RECOMMENDS:

1. The District Court should enter the attached Judgment, revoking Ms. Running Crane's supervised release and committing her to the custody of the United States Bureau of Prisons for 9 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of August, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge